

ENTERED
11/15/2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GEORGE A. ONG, | ) | CASE NO. 10-36102-H3-7 |
| | ) | |
|     Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion for Relief from the Stay Regarding Non-Exempt Property" (Docket No. 28) filed by Bank of the West. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

George A. Ong ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 21, 2010.

In the instant motion, Bank of the West seeks lifting of stay, with respect to a 2008 GMC 1500, based on Debtor's failure to make payments.

Debtor did not file a statement of intention with respect to the vehicle that is the subject of the instant motion.

At the hearing on the instant motion, Debtor testified that he has made no payments on the vehicle since the instant case was filed. He testified that he is currently unemployed. He testified he became injured while working, and has never recovered. He testified he does not receive worker's compensation, disability, or social security income.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code. Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton

v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

In the instant case, Debtor has made no offer of adequate protection, and there is no evidence that he has any ability to provide adequate protection of Movant's interest in the vehicle. The court concludes that Debtor has not met his burden of proof on the question of cause for lifting of the stay.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from the Stay Regarding Non-Exempt Property" (Docket No. 28) filed by Bank of the West.

Signed at Houston, Texas on November 15, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE